IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| MARK ANTHONY BAXTER | § | |
| v. | § | CIVIL ACTION NO. 6:05cv448 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Mark Anthony Baxter, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his conviction. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Baxter was convicted of aggravated assault on a public servant, receiving a sentence of 50 years in prison. The evidence showed that two Tyler police officers, Leigeber and Swan, answered a complaint of loud noise and possible drug activity n June 21, 2002. As they approached the scene, they found a group of people gathered around a car, but as they approached, the car sped away. Someone yelled "police" and most of the crowd fled into the house. The car then returned, and came to a stop near the driveway where it had been parked. Officer Leigeber went to the car and Swan stood in the road, in the car's headlights. The officers focused their flashlights on Baxter, the driver of the car. Baxter looked at Leigeber, and then at Swan; he then gunned his engines and accelerated at Swan. Leigeber jumped partway through the passenger window yelling for him to stop. Swan jumped out of the way but was struck by Leigeber's legs, knocking Leigeber out of the window. Baxter then drove away.

In his federal habeas corpus petition, Baxter raised five grounds for relief. These were: (1) the trial court improperly charged the jury with a mandatory evidentiary presumption, without including the instructions as to how to apply the presumption; (2) he received ineffective assistance of counsel when his trial attorney, Curt Ellis, failed to object to the improper jury instructions; (3) trial counsel was ineffective for failing to request a jury instruction on mistake of fact, which was Baxter's only viable defense; (4) appellate counsel, Richard Kennedy, was ineffective for failing to raise on appeal the issues of legal and factual insufficiency of the evidence; and (5) the evidence was insufficient to support a conviction because there was no evidence that Baxter knew that Swan was a police officer, inasmuch as it was night, he never acknowledged Swan's presence, and there was no evidence that he could see that Swan was a police officer.

The Magistrate Judge ordered the Respondent to answer, and received copies of the state court records. Baxter filed a response to the answer.

After review of the petition, the Magistrate Judge issued a Report recommending that Baxter's application for the writ of habeas corpus be denied. The Magistrate Judge noted that the Twelfth Judicial District Court of Appeals held that the trial court erred in failing to give the mandatory presumption instruction to the jury, but that the error did not have a substantial or injurious effect or influence on the verdict, nor did the error render Baxter's entire trial fundamentally unfair. Similarly, the Magistrate Judge concluded that, assuming that trial counsel's failure to object to the omission of the instruction was error, Baxter failed to show that but for this error, the result of the proceeding would probably have been different.

Third, the Magistrate Judge determined that there was no evidence upon which to support a defense of mistake of fact, and so counsel did not act ineffectively in failing to request one. Fourth, the Magistrate Judge stated that Baxter did not show that but for the alleged ineffectiveness of counsel on appeal, a reasonable probability existed that he would have prevailed on appeal. Finally, the Magistrate Judge concluded that when viewed in the light most favorable to the verdict, a rational trier of fact could have concluded that Baxter saw Swan and that he knew from the uniform

2

that Swan was a police officer. Consequently, the Magistrate Judge recommended that relief be denied.

Baxter filed objections to the Magistrate Judge's Report on October 25, 2006. He first contends that his first ground for relief does not concern the sufficiency of the evidence, but that the trial court's instructions to the jury lowered the State's burden of proof. He says that an erroneous mandatory evidentiary presumption renders the evidence irrelevant and that the reviewing court cannot hold that the error did not contribute to the verdict. He also argues that a constitutionally deficient reasonable doubt instruction is not amenable to a harmless error analysis, but requires reversal of the conviction, citing Sullivan v. Louisiana, 113 S.Ct. 2078 (1993).

In Sullivan, the trial court instructed the jury on the definition of "reasonable doubt," including an instruction that "it must be such doubt as would give rise to a grave uncertainty," and that "what is required is a moral certainty." These instructions were essentially identical with those that the Supreme Court had disapproved of in Cage v. Louisiana, 111 S.Ct. 328 (1990). The Court held in Sullivan that the giving of an improper instruction as to the definition of the term "reasonable doubt" was not harmless error.

It should be noted that the holding in Cage was partially disapproved in the later case of Estelle v. McGuire, 112 S.Ct. 475, 482 n.4 (1991). That case noted the familiar standards that in habeas corpus review challenging erroneous jury instructions, the petitioner must show that the instruction was not merely undesirable, erroneous, or even universally condemned, but that it violated a constitutional right, when considered in the context of the trial record as well as the instructions as a whole; in addition, there must be a reasonable likelihood that the jury applied the challenged instruction in a way which violated the Constitution. Estelle, 112 S.Ct. at 482, *citing* Boyde v. California, 110 S.Ct. 1190, 1198 (1990). The Estelle Court also observed that the category of infractions which violate fundamental fairness is defined "very narrowly." Estelle, 112 S.Ct. at 482.

The Supreme Court has stated that there are two categories of constitutional violations, trial error and structural defects. *See* Arizona v. Fulminante, 499 U.S. 379, 307-08 (1991). Trial errors are subject to harmless-error analysis, while structural defects are not. The Court specified that most errors are trial errors, including overbroad instructions in the sentencing phase of a capital case, admission of evidence at the sentencing phase of a capital case in violation of the Sixth Amendment, jury instructions containing an erroneous conclusive presumption, jury instructions misstating an element of the offense, jury instructions containing an erroneous rebuttable presumption, erroneous exclusion of the defendant's testimony regarding the circumstances of his confession, a restriction on the defendant's right to cross-examine a witness for bias, denial of the defendant's right to be present at trial, improper comment on the defendant's silence at trial, failure to instruct the jury on the presumption of innocence, admission of improper identification evidence, and admission of evidence obtained in violation of the Fourth Amendment. Arizona, 499 U.S. at 307 (collecting cases).

In the present case, the Magistrate Judge properly found that the failure to give the mandatory-presumption instruction to the jury was trial error, mandating a harmless-error analysis. *See* Carella v. California, 491 U.S. 263, 266 (1989) (jury instruction with improper conclusive presumption was trial error, requiring remand for harmless-error analysis). Baxter's citations to cases in which other errors were found to be structural are inapposite, and so his objections on this ground are without merit.

Second, Baxter says that the evidence in the case is not overwhelming at that there is a reasonable probability that had counsel objected and the required instructions given, the result of the trial would probably have been different. He offers nothing upon which to base this supposition; as the Magistrate Judge observed, the instructions which he wanted given informed the jury that the facts giving rise to the presumption (i.e. that Baxter knew that Swan was a public servant) had to be proven beyond a reasonable doubt. If such facts were proven beyond a reasonable doubt, the jury may find that the element of the offense sought to be presumed exists, but it is not

bound to so find; even though the jury may find the existence of this element, the State must prove each of the other elements beyond a reasonable doubt; and if the jury has a reasonable doubt as to the existence of a fact or facts giving rise to the presumption, this presumption fails and the jury shall not consider it for any purpose.

In the present case, the Magistrate Judge correctly concluded that there was no showing that had the jurors been given this instruction, they would have returned any verdict other than the one actually returned. The evidence presented was sufficient to sustain a finding, beyond a reasonable doubt, of the facts giving rise to the presumption; this evidence showed that Swan was wearing a clearly marked police uniform, standing directly in front of Baxter in the car's headlights, and that Baxter looked at Swan at least twice before accelerating at him. Even without the missing instruction, the jury was told that a finding beyond a reasonable doubt of all of the elements of the offense was required for a finding of guilt. In this case, a rational trier of fact could have found that Baxter could and did see Swan standing in front of the car, affording a sufficient basis for finding that Baxter knew that Swan was a public servant engaged in the performance of his duties. Baxter's objections on this point are without merit.

Third, Baxter says that the Magistrate Judge stated that the evidence did not support a mistake of fact defense, and simply asks that the Court conduct a *de novo* review. As the Magistrate Judge explained, there was no evidence offered at trial to support a mistake of fact defense, and Baxter's subsequent speculation that he might not have seen Swan, or that he might not have known that Swan was a peace officer, is not a "mistake of fact" requiring the giving of an instruction. Baxter's objections on this point are without merit.

Fourth, Baxter complains that he received ineffective assistance of counsel on appeal. He says that his appellate attorney, Richard Kennedy, did not argue on appeal that the evidence was factually and legally insufficient to support the conviction in the way that Baxter thought that he should have. Baxter contends that there was no evidence that he knew that Swan was a peace officer and so had this issue been raised on appeal, his conviction would have been reversed. In his

objections to the Magistrate Judge's Report, Baxter again says that the Court should conduct a *de novo* review of all of the evidence presented.

Such a *de novo* review confirms the Magistrate Judge's conclusion. As stated by the Magistrate Judge, the evidence showed that Swan stood directly in front of Baxter, illuminated by the headlights of the car, no more than 20 feet away, in full police uniform. Leigeber, standing by the car only a few feet away from Baxter, testified that Swan was clearly visible in the car headlights. The Magistrate Judge noted Texas appellate court cases in which the evidence was held sufficient to support convictions for aggravated assault on a public servant despite the defendants' contentions that, in one case, no one testified that the defendant had visual contact with the officers, and in another case, that the defendant did not see the officers. The same situation exists here. Baxter's objection on this point is without merit.

Finally, Baxter objects that the Magistrate Judge asserts that the evidence was sufficient to show that he, Baxter, knew that Swan was a police officer, but that the Magistrate Judge is "considering only the evidence that supports the conviction, instead of considering all of the evidence." In reviewing claims of the sufficiency of the evidence, a federal habeas corpus court is required to conduct this review of the evidence in the light most favorable to the verdict. Selvage v. Lynaugh, 823 F.2d 845, 847 (5th Cir. 1987). Baxter concedes that this is precisely what the Magistrate Judge did. Furthermore, he fails to point to evidence before the jury, not considered by the Magistrate Judge, which could lead to a different conclusion. Baxter's objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the original petition, the answer filed by the Respondent, the Petitioner's response thereto, the state court records, the Report of the Magistrate Judge, the Petitioner's objections thereto, and all other pleadings, documents, and records in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the objections of the Petitioner are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**So ORDERED and SIGNED this 12th day of December, 2006.**

_____
**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**